BEFORE THE THIRD DIVISION, MAY 27, 1940

No. 43791.—Protest 994965–G of Louis Loeser (New York).

KEEFE, Judge: In this suit the plaintiff seeks to recover certain customs duties claimed to have been illegally assessed upon 24 items of merchandise brought to the United States as articles for household use, personal effects, or tools of trade, it being claimed that the same are free of duty under the provisions of paragraphs 1630, 1632, 1747, or 1798 of the Tariff Act of 1930. In the collector's timely answer to protest he states that duty was assessed upon the articles in question because the importer admitted that the merchandise was not available for use, in his household, for the required period of 1 year prior to importation; that the importer married less than 6 months before immigrating to the United States and that household was started only at time of marriage; that articles purchased by parents as a dowry were stored away until plaintiff married and were not used or available for use in the importer's household for a period of 1 year; and that other articles were purchased less than a year before the plaintiff left Germany.

At the trial claim was limited to ten items as being entitled to free entry under paragraphs 1632 and 1747, providing in part as follows:

PAR. 1632. Books, libraries, usual and reasonable furniture, and similar household effects of persons or families from foreign countries if actually used abroad by them not less than one year, and not intended for any other person or persons nor for sale.

PAR. 1747. Professional books, implements, instruments, and tools of trade, occupation, or employment in the actual possession of persons emigrating to the United States owned and used by them abroad; * * *.

The plaintiff's wife testified that the cotton sheets, embroidered linens, flax and linen damask articles, and the wool blankets were acquired for her by her mother when she became of age and were in her possession since 1931 or 1932 and that they had been used for about 4 months as the occasion arose. The articles had been embroidered and all except the woolen blankets had been washed, but the same had not all been used although in her possession and ready for use when the occasion arose. The pillows, cushions, and feather beds were acquired by her in 1932 and were in her possession continuously. There was no testimony as to the use thereof. Relative to the item of knives and forks, 48 each with nickel-silver handles, the witness testified that half of each had been in her possession since 1934 but she had received the other half in December, 1937, less than a year before leaving Germany. There was no evidence as to the use thereof. The customs official who examined the above articles failed to observe any evidence of use.

The plaintiff testified that certain prints have been in the possession of his wife and of himself for more than a year; that they were in the homes of their

parents and when they were married they "just took them over." The plaintiff testified that by trade he was a farmer and practiced that occupation in Germany and is now engaged in that occupation in the United States. The chemical preparation appearing upon the entry consisted of a leather case containing chemical liquids used to test soils and that some of the chemicals in the set had been used. That he also had certain manufactures of metal consisting of 40 or 50 hand tools, mowing machine, sprayer, spades, forks, etc. All of these tools had not been used at the time of importation and they were not all over a year old, but some had been used in Germany before he left for the United States.

From the evidence presented we are unable to find that the household articles were used by the family of the plaintiff abroad for a period of 1 year or more, except as to the prints, which were in the possession of the plaintiff and his wife for more than a year and used by them in the homes of their parents. The soil-testing outfit and the metal tools used by the plaintiff in his business of farming while in Germany are clearly entitled to free entry as tools of trade, under the provisions of paragraph 1747.

We therefore hold the prints entitled to free entry under the provisions of paragraph 1632 and the soil-testing outfit and metal tools free as tools of trade under paragraph 1747. In all other respects the protest is overruled.

Judgment will therefore be entered directing the collector to reliquidate the entry and make refund in accordance with our decision herein.